UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER LEE DALPIAZ, ) | CIVIL NO. 3:18-CV-1008 |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | (ARBUCKLE, M.J.) |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant | |

MEMORANDUM OPINION

I. INTRODUCTION

Plaintiff Jennifer Lee Dalpiaz, an adult individual who resides within the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3).

This matter has been referred to me to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. After reviewing the parties' briefs, the Commissioner's final decision, and the relevant portions of the certified administrative transcript, I find the Commissioner's final decision is not supported by substantial evidence.

Accordingly, I recommend that the Commissioner's final decision be VACATED and this case be remanded.

II.  BACKGROUND & PROCEDURAL HISTORY

On May 18, 2015 and May 19, 2015, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Admin. Tr. 124-131). In these applications, Plaintiff alleged she became disabled as of May 2, 2013, when she was forty-four (44) years old, due to the following conditions: degenerative disc disease and hip problem. *Id.* Plaintiff alleges that the combination of these conditions affects her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, see, remember, complete tasks, and concentrate. (Admin Tr. 163). Plaintiff does not have a high school diploma or GED, as 11th grade is her highest completed grade. (Admin Tr. 27, 44). Before the onset of her impairments, Plaintiff worked as a dietitian, worker, cook, and assistant, though the ALJ concluded that Plaintiff has no past relevant work. (Admin. Tr. 27).

On August 6, 2015, Plaintiff's applications were denied at the initial level of administrative review. (Admin Tr. 95-103). On September 2, 2015, Plaintiff requested an administrative hearing. (Admin Tr. 104).

On May 24, 2017, Plaintiff, assisted by her counsel, appeared and testified during a hearing before Administrative Law Judge Gerard W. Langan (the "ALJ").

(Admin Tr. 36). On July 20, 2017, the ALJ issued a decision denying Plaintiff's applications for benefits. (Admin Tr. 18-28). On August 15, 2017, Plaintiff requested review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council"). (Admin Tr. 122-23).

On March 12, 2018, the Appeals Council denied Plaintiff's request for review. (Admin Tr. 1-6).

On May 14, 2018, Plaintiff initiated this action by filing a Complaint. (Doc. 1). In her Complaint, Plaintiff alleges that the ALJ's decision denying the applications is not supported by substantial evidence, and improperly applies the relevant law and regulations. *Id.* at 1. As relief, Plaintiff requests that the Court issue an order awarding benefits, or in the alternative, remand her case to the Commissioner for a new hearing. *Id.* at 2.

On August 8, 2018, the Commissioner filed an Answer. (Doc. 12). In the Answer, the Commissioner maintains that the ALJ's decision denying Plaintiff's applications was made in accordance with the law and regulations and is supported by substantial evidence. *Id.* at 2-3. Along with her Answer, the Commissioner filed a certified transcript of the administrative record. (Doc. 13).

Plaintiff's Brief (Doc. 14), the Commissioner's Brief (Doc. 15), and Plaintiff's Reply (Doc. 18) have been filed. This matter is now ripe for decision.

## III. STANDARDS OF REVIEW

### A. SUBSTANTIAL EVIDENCE REVIEW – THE ROLE OF THIS COURT

When reviewing the Commissioner's final decision denying a claimant's application for benefits, this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

"In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before this Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

B. STANDARDS GOVERNING THE ALJ'S APPLICATION OF THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a); 20 C.F.R. §

416.905(a).[1] To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a). To receive benefits under Title II of the Social Security Act, a claimant must show that she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).

---

[1] Throughout this Report, I cite to the version of the administrative rulings and regulations that were in effect on the date the Commissioner's final decision was issued. In this case, the ALJ's decision, which serves as the final decision of the Commissioner, was issued on July 20, 2017.

Between steps three and four, the ALJ must also assess a claimant's RFC. RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.920(e); 20 C.F.R. § 416.945(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 404.1545(a)(2); 20 C.F.R. § 416.945(a)(2).

At steps one through four, the claimant bears the initial burden of demonstrating the existence of a medically determinable impairment that prevents him or her in engaging in any of his or her past relevant work. 42 U.S.C. § 423(d)(5); 42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating 42 U.S.C. § 423(d)(5) by reference); 20 C.F.R. § 404.1512 (a)(1); 20 C.F.R. § 416.912(a)(1); *Mason*, 994 F.2d at 1064. Once this burden has been met by the claimant, it shifts to the Commissioner at step five to show that jobs exist in significant number in the national economy that the claimant could perform that are consistent with the claimant's age, education, work experience and RFC. 20 C.F.R. § 404.1512(b)(3); 20 C.F.R. § 416.912(b)(3); *Mason*, 994 F.2d at 1064.

The ALJ's disability determination must also meet certain basic substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this disability determination. Thus, to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707. In addition, "[t]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).

## IV. DISCUSSION

### A. THE ALJ'S DECISION DENYING PLAINTIFF'S APPLICATIONS

In his July 20, 2017 decision, the ALJ found that Plaintiff met the insured status requirement of Title II of the Social Security Act through December 31, 2007[2]. (Admin. Tr. 20). Then, Plaintiff's applications were evaluated at steps one through five of the sequential evaluation process.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity at any point between May 2, 2013 (Plaintiff's alleged onset date)

---

[2] The ALJ did not address that Plaintiff was last insured on December 31, 2007 while her alleged onset date was May 2, 2013.

and July 20, 2017 (the date the ALJ decision was issued) ("the relevant period"). (Admin Tr. 20-21). At step two, the ALJ found that, during the relevant period, Plaintiff had the following medically determinable severe impairment(s): Degenerative Disc Disease of the Lumbar Spine, Status-post Lumbar Fusion, Obesity, and Restless Leg Syndrome. (Admin Tr. 21). The ALJ also found that Plaintiff had chronic obstructive pulmonary disorder as a non-severe impairment. *Id.* At step three, the ALJ found that, during the relevant period, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Admin Tr. 21-22).

Between steps three and four, the ALJ assessed Plaintiff's RFC. The ALJ found that, during the relevant period, Plaintiff retained the RFC to engage in light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) subject to the following additional limitations:

> [S]he must avoid unprotected heights and never climb ladders, scaffolds but may occasionally climb ramps and stairs. She can tolerate occasional exposure to extreme cold temperatures, wetness and vibration. She is capable of occasional use of the left lower extremity for operation of foot controls and pedals.

(Admin Tr. 22-23).

At step four, the ALJ found that Plaintiff has no past relevant work. (Admin Tr. 27). At step five, the ALJ found that, considering Plaintiff's age, education and

work experience, Plaintiff could engage in other work that existed in the national economy. *Id.* To support his conclusion, the ALJ relied on testimony given by a vocational expert during Plaintiff's administrative hearing and cited the following three (3) representative occupations: Cashier (DOT# 211.462.010); Product Assembler (DOT# 706.684-022); and Inspector (DOT# 762.687-014). (Admin Tr. 27-28).

### B. WHETHER THE ALJ ERRED BY FAILING TO WEIGH OPINION EVIDENCE FROM DR. KRAYNAK

Plaintiff argues the ALJ failed to weigh a February 27, 2017 checkbox form opinion by Dr. Kraynak. Plaintiff argues that because the checkbox form opinion is more limiting than the ALJ's RFC, the ALJ was required to explain why the opinion was not adopted. Plaintiff argues that the ALJ did not properly consider Dr. Kraynak's checkbox form opinion where he stated that Plaintiff could walk less than one block without assistance and that Plaintiff required an escort and walker.

In response, Defendant argues that the ALJ considered all of Dr. Kraynak's reports and noted that Dr. Kraynak's opinions were not consistent with the record or Plaintiff's actual level of functioning.

Plaintiff is correct that the ALJ does not specifically address Dr. Kraynak's checkbox form opinion. However, Dr. Kraynak's checkbox form opinion mostly

overlapped Dr. Kraynak's other three opinions—which the ALJ explicitly weighed.³

The ALJ considered the physical assessment provided by Dr. Kraynak:

> Dr. Kraynak opined the claimant's symptoms would constantly interfere with her attention ande concentration required to perform simple work related tasks. Dr. Kraynak further opined the claimant can sit for a total of 2 hours and stand/walk for a total of 1 hour in an 8-hour workday. Dr. Kraynak stated the claimant would need unscheduled breaks, 2-3 times an hour for 5 minutes each. Dr. Kraynak also stated the claimant can occasionally lift less than 10 pounds and she can only use her bilateral upper extremeties 10% of an 8-hour workday to grasp, turn or twist objects, for fine manipulation and for reaching. Dr. Kraynak further opined the claimant would be absent more than four times a month from work. This is not consistent with the record or the claimant's actual level of functioning. Dr. Kraynak's treatment notes show he saw the claimant on a monthly basis to refill her pain medications. The records show that while she has complaints of excruciating pain down her left leg, she has no motor, sensory or reflex deficits and states she is satisfied with her treatment and progress. In addition, Dr. Kraynak notes on all of the treatment notes that the claimant was in excruciating pain in her left leg, yet she is satisfied with her treatment and progress. Dr. Kraynak notes he will continue to prescribe medications as the claimant has an increased functionality and better life quality due to her medication use. There is no full functional analysis provided and the level of limitations Dr. Kraynak opined are not supported by his own treatment notes. As such, the undersigned gives Dr. Kraynak's assessment little weight.

(Admin Tr. 26) (internal citations omitted).

The ALJ also considered the repetitive statement from Dr. Kraynak from his treatment notes:

---

³ The ALJ also addressed the report provided by Dr. Minda Bermudez. (Admin. Tr. 25-26). Dr. Minda Bermudez's report is not at issue in this case.

> Dr. Kraynak opined the claimant cannot climb, bend, stoop, or crawl. Dr. Kraynak further opined she need the ability to sit, stand, lay and change positions as needed. There is no functional analysis to this statement, the longitudinal record and the claimaint's actual level of activity also do not support this repetitive statements. As such, the undersigned gives Dr. Kraynak's opinion little weight.

*Id.*

The ALJ considered the narrative provided by Dr. Kraynak:

> Dr. Kraynak opined the claimant has difficulty getting dressed/undressed, she has to change positions as needs, and she cannot climb, stoop or crawl. Dr. Kraynak further opined that the claimant's left leg and buttocks hurt her severely and she is very weak even following her surgery. Dr. Kraynak further opined the claimant is totally disabled from any and all employment. The Social Security Administration accords controlling weight to the opinion of a treating physician where it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. However, this rule does not apply to statements of opinion upon the ultimate issue of disability, which is reserved to the Commissioner. Moreover, the opinion upon the issue of disability expressed by Dr. Kraynak is purely conclusory, without any supporting explanation or rationale. As such, the undersigned gives Dr. Kraynak's narrative, no weight.

(Admin Tr. 26-27) (internal citations omitted).

The ALJ concluded his analysis by stating:

> In sum, the above residual functional capacity assessment is supported by the evidence of record as a whole. The records from treating sources do not support work related limitations as significant as those alleged by [Plaintiff]. Her relatively benign physical exams and her demonstrated level of activity are inconsistent with a finding of "disability." Accordingly, [Plaintiff] is found capable of performing a range of light work on a sustained and consistent basis despite the limitations arising from her impairments.

(Admin Tr. 27).

As to Dr. Kraynak's conclusion that Plaintiff could walk less than one block without assistance, it is harmless error that the ALJ did not explicitly consider Dr. Kraynak's checkbox form opinion. "Lower court cases make clear that courts have correlated review of ordinary administrative proceedings to appellate review of civil cases in this respect. Consequently, the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009). Plaintiff made no such showing in regard to Dr. Kraynak's checkbox form opinion. Furthermore, Dr. Kraynak made the same findings in other opinions which were expressly discounted by the ALJ.

The Supreme Court has stated:

> In ordinary civil appeals, for example, the appellant will point to rulings by the trial judge that the appellant claims are erroneous, say, a ruling excluding favorable evidence. Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm. If, for example, the party seeking an affirmance makes a strong argument that the evidence on the point was overwhelming regardless, it normally makes sense to ask the party seeking reversal to provide an explanation, say, by marshaling the facts and evidence showing the contrary. The party seeking to reverse the result of a civil proceeding will likely be in a position at least as good as, and often better than, the opposing party to explain how he has been hurt by an error.

*Id.*

"No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). "No principle of administrative law 'require[s] that we convert judicial review of agency action into a ping-pong game' in search of the perfect decision." *Coy v. Astrue*, No. 8-1372, 2009 WL 2043491 at *14 (W.D. Pa. Jul. 8, 2009) (citing *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969)).

Regarding the assertion that Plaintiff needed a walker and an escort to ambulate, the ALJ failed to consider Dr. Kraynak's checkbox form opinion. Additionally, the ALJ asked Plaintiff during the hearing whether she requires a walker or cane to walk or stand. (Admin Tr. 45). Plaintiff testified that she uses a cane when she will be "out for a while" and uses the shopping cart as a crutch while grocery shopping. (Admin. Tr. 46). The ALJ did not explicitly consider this conclusion, nor did he explain why he did not consider this conclusion. The ALJ notes that Plaintiff was ambulating independently, but he did not discuss whether Plaintiff is capable of doing so without a walker or cane. Such a conclusion would impact Plaintiff's ability to work and should have been addressed by the ALJ.

Unlike the conclusion regarding Plaintiff's ability to walk a block, this conclusion does not appear in Dr. Kraynak's other opinions. If the ALJ were to not give this conclusion weight, he has to explain why. The ALJ failed to do so.

Requiring a walker and escort to ambulate is more limiting than the conclusions considered by the ALJ. For those reasons, the ALJ's opinion warrants remand.

### C. WHETHER THE ALJ ERRED BY FAILING TO WEIGH OPINION EVIDENCE FROM PA COLLINS PURSUANT TO SECTIONS 404.1512 AND 404.1513(D)

Plaintiff also argues that the ALJ erred by not explicitly considering a November 23, 2016 opinion by physician's assistant Kristi Collins ("PA Collins").

The Commissioner's regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1); 20 C.F.R. § 416.927(a)(1). Regardless of its source, the ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(b); 20 C.F.R. § 416.927(b).

In addition to considering the opinions of medical professionals, an ALJ must consider and should explain medical opinions by medical professionals who are not acceptable medical sources—such as physician's assistants and nurse practitioners. *See* 20 C.F.R. §§ 404.1512, 404.1513(d).

Sections 404.1512 and 404.1513 state:

> Opinions from medical sources who are not acceptable medical sources . . . may reflect the source's judgment about some of the same issues addressed in medical opinions from acceptable medical sources. . . . Depending on the particular facts in a case, and after

> applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. . . . The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.*

While PA Collins is not an acceptable medical source, she is a treating source whose opinion warrants evaluation. In her opinion, PA Collins concluded that Plaintiff should limit her lifting, bending, and twisting and could increase her lifting to 15 pounds. The ALJ briefly mentions conclusions from PA Collins's opinion: "The record notes [Plaintiff] is doing [okay] and her lifting restriction was increased to 15 pounds." (Admin. Tr. 583). However, the ALJ concluded that Plaintiff has the RFC to perform light work. "Light work involves lifting no more than 20 pounds at a time." 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). Thus, PA Collins's opinion provides a more limiting RFC than the ALJ's analysis regarding Plaintiff's ability to lift things. The ALJ did not explain why he concluded that Plaintiff could lift up to twenty (20) pounds, nor did he why he did not accept PA Collins's conclusion regarding Plaintiff's lifting restriction. The ALJ did not cite to the record regarding Plaintiff's lifting restriction. PA Collins's opinion provides a more limiting RFC than the ALJ's analysis regarding Plaintiff's

RFC. As such, the ALJ's failure to consider and weigh PA Collins's opinion warrants remand.

V.     CONCLUSION

The Commissioner's decision should be vacated and the case remanded. An appropriate Order will follow.

Date: October 9, 2019                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge